# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ORR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1233 CDP |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1104986), an inmate at Eastern Reception, Diagnostic and Correctional Center "ERDCC," for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $37.68. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $174.58, and an average monthly balance of $188.39. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $37.68, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Steve Larkins (Superintendent of ERDCC); Terry Webb (Unit Manager); Patricia Cornell (Deputy Director, Division of Adult Institutions); Tom Clements (Director, Division of Adult Institutions); Kerry Kline (Unit Manager); Sherry Brewer (Caseworker); Jim McDaniels (Caseworker); Rodney Henson (Correctional Officer); John Doe #1 (Correctional Officer); and John Doe #2 (Correctional Officer). The complaint seeks declaratory, injunctive, and monetary relief.

Plaintiff alleges that in November 2007 a urine sample he provided to defendants came back positive for marijuana use. Plaintiff claims that he received a conduct violation and that on December 5, 2007, a formal hearing was held and he was found guilty of the violation. On December 11, 2007, plaintiff went before the administrative segregation committee for the violation, and the administrative segregation committee recommended that he be placed in administrative segregation, with his status to be reviewed on January 9, 2008.

On January 9, 2008, the administrative segregation committee reviewed plaintiff's status and recommended that he remain in administrative segregation for another 90 days because of "poor adjustment" and because he had received three minor conduct violations in the previous year. Plaintiff alleges that defendant Larkin had also recently instituted a tougher response to inmates caught violating the substance abuse regulations. Plaintiff says that Larkins mandated that these inmates remain in administrative segregation for at least nine months.

Plaintiff went before the administrative segregation committee again on March 5, 2008. The committee again recommended that plaintiff remain in administrative segregation for an additional ninety days because of poor adjustment and previous conduct violations.

Plaintiff alleges that in March 2008 he began to see a psychiatrist and was placed on medications for depression. Plaintiff claims that the depression arose as a result of his placement in administrative segregation.

Plaintiff says that in May 2008 defendants stopped issuing administrative segregation appeal forms. Plaintiff claims that defendant Larkins suspended the inmates' right to appeal the decisions of the administrative segregation committee.

Plaintiff went before the administrative segregation committee again on May 28, 2008. The committee again recommended that plaintiff remain in administrative segregation for an additional ninety days because of poor adjustment and previous conduct violations.

Plaintiff claims that he saw the psychiatrist again in June 2008 and was placed on anti-psychotic medication.

Plaintiff went before the administrative segregation committee again on July 23, 2008. Plaintiff says that he had been told he was going before the committee early so that he could be transitioned to One House, where he could share a cell with another inmate, for his final thirty days. Plaintiff claims that the administrative segregation committee did not know of this and recommended that he be placed in administrative segregation for an additional ninety days. Larkins allegedly approved the recommendation.

Plaintiff alleges that at the time he filed the instant complaint he had been in administrative segregation for approximately nine months.

**Discussion**

For the Due Process Clause to be implicated regarding placement in administrative segregation, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. <u>Id.</u> at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); <u>Hemphill v. Delo</u>, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not an atypical or significant hardship). As a result, plaintiff has failed to state a claim upon which relief can be granted, and the Court will dismiss the complaint under 28 U.S.C. § 1915(e).

Additionally, plaintiff has not stated a prima facie case for violation of the Eighth Amendment's prohibition of cruel and unusual punishment because he has not alleged that he has been subjected to a sufficiently serious deprivation or that

defendants knew of but deliberately ignored any such deprivation. E.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $37.68 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of September, 2008.

                                          /s/ Catherine D. Perry
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE